**Harpal SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–73741.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Dec. 10, 2013.

Peter Singh, Esquire, Peter Singh & Associates, P.C., Fresno, CA, for Petitioner.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**492**

Monica Antoun, Esquire, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

## MEMORANDUM **

Harpal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Singh's experiences in India did not amount to past persecution. *See id.* at 1020–21 (concluding petitioner did not establish past persecution where the police detained him for three days, interrogated him, and struck him with a rod ten times). Thus, contrary to Singh's contention, he is not entitled to a presumption of future fear. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Further, substantial evidence supports the agency's conclusion that Singh did not demonstrate a well-founded fear of future persecution in India. *See Gu,* 454 F.3d at 1022; *Nagoulko,* 333 F.3d at 1018 (possibility of future persecution too speculative). Accordingly, Singh's asylum claim fails.

Because he failed to establish eligibility for asylum, Singh necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).